UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:20-CR-01687-KWV |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Albuquerque, New Mexico |
| | ) | |
| STEVE BARTON, | ) | Friday, January 8, 2021 |
| | ) | |
| Defendant. | ) | (12:10 p.m. to 12:39 p.m.) |


PLEA HEARING

BEFORE THE HONORABLE LAURA FASHING,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:            SAMUEL A. HURTADO, ESQ.
                         U.S. Attorney's Office
                         District of New Mexico
                         P.O. Box 607
                         Albuquerque, NM 87103


For Defendant:           LEON ENCINIAS, ESQ.
                         Leon Felipe Encinias Attorney at Law
                         1412 Lomas Blvd. NW
                         Albuquerque, NM 87104


Court Reporter:          Recorded; ABQ Zoom

Clerk:                   N. Maestas

Transcribed By:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>**Albuquerque, New Mexico; Friday, January 8, 2021; 12:10 p.m.**</u>

1

<u>**(Appearances via Zoom Web Conference)**</u>

2

<u>**Call to Order**</u>

3

**THE CLERK:**  The *United States versus Steve Barton*.

4

**THE COURT:**  May I have appearances, please?

5

**MR. HURTADO:**  Samuel Hurtado for the United States.

6

**MR. ENCINIAS:**  Good afternoon, Your Honor, Leon

7

Encinias for Steve Barton who is appearing via video.

8

**THE COURT:**  All right, good afternoon to all of you.

9

Mr. Barton, I know you have been waiting for quite

10

some time this morning so I appreciate your patience.  I feel

11

like every time we have these hearings, especially when we're

12

doing them by video, that it takes a little bit longer than I

13

expect, but we're finally to your case.  Somebody has to be at

14

the end of the docket and today it was you, so I appreciate

15

your patience.

16

**THE DEFENDANT:**  You're welcome.  Thank you for

17

fitting me in.

18

**THE COURT:**  Okay.  So, Mr. Barton, we obviously are

19

conducting this hearing by video and the first thing I want to

20

talk about is that it's my understand that at some point before

21

this hearing, that actually was quite some time ago, you had

22

the opportunity to speak with your lawyer about the fact that

23

we would be conducting the hearing by video.  Is that true?

24

**THE DEFENDANT:**  Yes, ma'am.  Yes, Your Honor.

25

1          **THE COURT:**  And did he explain to you that the reason

2    we're doing it this way is because of the COVID-19 pandemic and

3    we're just trying to keep everybody as safe as possible?

4          **THE DEFENDANT:**  Yes, Your Honor.

5          **THE COURT:**  All right.  I'm going to share with you a

6    document that's on my screen.  This document is entitled

7    "Waiver of Personal Presence at Hearing."  Do you see that

8    there on the screen in front of you?

9          **THE DEFENDANT:**  Yes, Your Honor.

10          **THE COURT:**  Above the words "Defendant's signature"

11    is a signature.  Is that yours?

12          **THE DEFENDANT:**  Yes, ma'am.  Yes, Your Honor.

13          **THE COURT:**  Did you understand that by signing this

14    form you were giving up your right to be personally present in

15    the courtroom for this hearing and that, instead, you have

16    agreed to proceed by video?

17          **THE DEFENDANT:**  Yes, Your Honor.

18          **THE COURT:**  Did anybody threaten you to get you to

19    sign this form or force you to sign it?

20          **THE DEFENDANT:**  No, Your Honor.

21          **THE COURT:**  All right.  I find that you have

22    knowingly and voluntarily waived your right to be personally

23    present in the courtroom for this hearing and that you,

24    instead, have agreed to proceed by video.

25          Now the next thing I need to talk about, and this is

4

1    really for the lawyers, I think they touched on it a little bit

2    yesterday, but I'd like to put it on the record today as well,

3    under this Court's Administrative Order and the CARES Act in

4    order for me to go forward with a change of plea by video I

5    need to find that the case cannot be further delayed without

6    serious harm to the interest of justice, so I'm wondering if

7    the attorneys can fill me in on why it's important to go

8    forward with this hearing here today as opposed to waiting

9    until sometime in the future when we might be able to do it in

10   person, and I'll start with you, Mr. Encinias.

11           **MR. ENCINIAS:**  Your Honor, by my calculations the

12   Guideline range is low.  He's been in custody now just under

13   two months.  The COVID pandemic appears to be surging by all

14   reports, we don't know when we can safely appear in person at

15   any hearing in the courtroom.  We're concerned that the delay

16   may result in Mr. Barton serving more time than he really

17   should.

18           **THE COURT:**  All right.  Mr. Hurtado, do you have

19   anything to add to that?

20           **MR. HURTADO:**  I agree with Mr. Encinias.  Mr. Barton

21   is entitled to a speedy resolution of the case and for that

22   reason I would respectfully urge the Court to please proceed

23   with this hearing.  Thank you.

24           **THE COURT:**  All right.  So based on the information

25   that I have received here today, Mr. Barton, especially the

5

1    concern that if we were to delay this hearing it's possible

2    that you could actually serve (indisc.) **(background voices,**

3    **audio glitch)** than you'd be required to under normal

4    circumstances.  I think that that makes clear that this case

5    cannot be further delayed without serious harm to the interest

6    of justice and so I will go forward with your guilty plea, and

7    your change of plea here today.

8            All right, so the next thing we need to talk about,

9    Mr. Barton, is the fact that you do have the right to have a

10   District Judge preside over your guilty plea.  **(Background**

11   **voices, audio glitch)**  I'm a Magistrate Judge which is a level

12   below a District Judge and I'm -- excuse me, is there something

13   going in the background there in your room, Mr. Barton?

14           **THE DEFENDANT:**  There -- I can close the door, Your

15   Honor.  I'm not sure what's going on up here.

16           **THE COURT:**  All right.  Thank you.

17           **MR. ENCINIAS:**  It may be my office, Your Honor.  I'll

18   close the door as well.

19           **THE COURT:**  Okay.

20           **THE DEFENDANT:**  Okay, Your Honor, I'm good here.

21           **THE COURT:**  Okay, I'm waiting for Mr. Encinias to

22   close his door.  I was just feeling like I was getting a lot of

23   background noise and it was distracting.

24           **THE DEFENDANT:**  And I was hearing it as well, thank

25   you.

6

1          **THE COURT:**  Okay.  So, Mr. Barton, I think I was in

2     the middle of telling you that you do have the right to have a

3     District Judge preside over your guilty plea.  I am a

4     Magistrate Judge which is a level below a District Judge.  Your

5     attorney, though, has provided me a form and, again, I'm going

6     to share it with you, it's on my screen, you'll see it pop up

7     on your screen.

8          This form is entitled "Consent to Proceed Before a

9     United States Magistrate Judge in a Felony Case."  Do you see

10    that there on the screen in front of you?

11         **THE DEFENDANT:**  Yes, Your Honor.

12         **THE COURT:**  Above the word "Defendant" is a

13    signature.  Is that yours?

14         **THE DEFENDANT:**  Yes, Your Honor.

15         **THE COURT:**  Now, did you understand that by signing

16    this form you are giving up your right to have a District Judge

17    preside over your guilty plea and I will preside instead?

18         **THE DEFENDANT:**  Yes, Your Honor.

19         **THE COURT:**  Did anybody threaten you to get you to

20    sign this form or force you to sign it?

21         **THE DEFENDANT:**  No, Your Honor.

22         **THE COURT:**  All right.  I find that you have

23    knowingly and voluntarily waived your right to have a District

24    Judge preside over your guilty plea with a full and complete

25    understanding of the nature and effect of that waiver.

1          All right, so, Mr. Hurtado, this may be a somewhat

2    silly question, but I'll go ahead and ask it.  I understand

3    there is a victim in this case, has there been victim

4    notification?

5          **MR. HURTADO:**  Yes, Your Honor, by way of the United

6    States Secret Service they informed the United States that they

7    agree with the Plea Agreement that is being proposed in this

8    hearing.  Thank you.

9          **THE COURT:**  All right, thank you.

10         Could you please swear the Defendant, Ms. Maestas?

11         **THE CLERK:**  Please raise your right hand.

12       **(Defendant sworn)**

13         **THE DEFENDANT:**  I do.

14         **THE COURT:**  All right, thank you, Mr. Barton, you may

15    put your hand down.

16         So I want to make sure you understand, Mr. Barton,

17    that at this point you are under oath, you are required to tell

18    me the truth.  If you fail to tell me the truth you could be

19    prosecuted for either perjury or false statement and the

20    Government would be able to use anything you say against you.

21    Do you understand that?

22         **THE DEFENDANT:**   Yes, Your Honor.

23         **THE COURT:**  All right.  Could you please tell me your

24    full name?

25         **THE DEFENDANT:**  Steven Wayne Barton.

8

1          THE COURT:  How old are you?

2          THE DEFENDANT:  Sixty-three.

3          THE COURT:  How far have you gone in school?

4          THE DEFENDANT:  I got a GED and did some college,

5    junior college.

6          THE COURT:  Okay.  Are you currently under the

7    influence of any alcohol, drugs or medication?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  Are you suffering from any illness or

10   medical problem, either physical or mental?

11         THE DEFENDANT:  Yes, Your Honor.  I have depression,

12   anxiety and suffer from PTS -- Post-Traumatic Syndrome, and

13   just generally taking care of my 88-year-old mother and my

14   special needs 67-year-old brother so I have a plate full.

15         THE COURT:  Okay.  Well, let me first back up a

16   little bit.  Are you taking any medication for any of those

17   conditions?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Okay.  Is there anything about the

20   medication that you're taking that makes it difficult for you

21   to understand what's happening here today?

22         THE DEFENDANT:  Oh, no, ma'am.  No, Your Honor.

23         THE COURT:  Okay.  And with respect to the conditions

24   themselves, is there anything about those conditions that make

25   it difficult for you to understand what's happening here today?

1          **THE DEFENDANT:**  Oh, no, Your Honor.

2          **THE COURT:**  Okay.  That's why I asked those

3   questions, I just wanted --

4          **THE DEFENDANT:**  Well, I'm just trying to be as honest

5   as I can.

6          **THE COURT:**  Yeah.  No, I appreciate you're being

7   straightforward with those responses.  So I just want to make

8   sure that you have understood all of my questions so far here

9   today and you've understood everything you have discussed with

10  your attorney in recent days?

11         **THE DEFENDANT:**  Oh, yes, ma'am, I'm clear-minded and

12  even clear-headed.

13         **THE COURT:**  Okay, great.  So it's my understanding

14  that Mr. Barton will be pleading guilty to Count Three of the

15  Indictment, is that correct?

16         **MR. HURTADO:**  Yes, ma'am.

17         **MR. ENCINIAS:**  Yes, that's correct, Your Honor.

18         **THE COURT:**  Okay.  All right.  So, Mr. Barton, before

19  you can go forward with your guilty plea, and if you go forward

20  with your guilty plea you will be giving up a number of very

21  important rights and we need to go over those with you.

22         First and most importantly, you will be giving up

23  your right to a jury trial.  At a jury trial you would have the

24  right to representation by your attorney.  Your attorney would

25  help you at every stage leading up to trial.  He would work

1   with you to prepare for trial and would be with you throughout

2   your trial.  If you cannot afford to hire an attorney you would

3   have the right to a court-appointed attorney both at your trial

4   and at every other stage of the proceeding.

5          At a trial you would have the right to confront the

6   witnesses against you and to have your attorney cross examine

7   those witnesses under oath.

8          You also would have the right to present evidence, to

9   testify yourself, and to compel witnesses to come to court to

10   testify on your behalf.

11          You also would have the right to remain silent,

12   including the right not to testify at your trial.  It would be

13   your decision whether to testify or not, and if you chose not

14   to testify the Government could not use your silence against

15   you.

16          You would be presumed innocent.  It would be the

17   Government's burden to convince all 12 people on your jury that

18   you are guilty beyond a reasonable doubt.  However, if you

19   plead guilty here today there will be no trial and you will be

20   giving up all of the rights that I have just described.  Do you

21   understand that?

22          **THE DEFENDANT:**  Yes, Your Honor.

23          **THE COURT:**  And are you willing to give up those

24   rights?

25          **THE DEFENDANT:**  Yes, Your Honor.

1      **THE COURT:**  All right.  Now there are other important

2   consequences of entering a guilty plea.  If you are a citizen

3   of the United States you will lose valuable civil rights such

4   as the right to vote, the right to hold public office, the

5   right to serve as a juror and the right to possess a firearm

6   and ammunition.

7      Mr. Barton, are you a citizen of any other country?

8      **THE DEFENDANT:**  No, Your Honor.

9      **THE COURT:**  All right.  Then, also, if you plead

10  guilty here today you will have what's called a criminal

11  history.  That means if you are ever convicted of any other

12  crime in the future you likely would receive harsher punishment

13  for that crime as a result of your guilty plea here today.  Do

14  you understand the consequences I have just gone over?

15     **THE DEFENDANT:**  Yes, Your Honor, I do.

16     **THE COURT:**  Okay.  And, Mr. Barton, I should have

17  mentioned this earlier, but I'll mention it now.  If at any

18  point during this hearing you have any questions for me just

19  feel free to ask me.  But also if you have any questions for

20  your attorney or if you would like to speak with your attorney

21  privately we can put you in a room together, a virtual room

22  together, if you would like to speak to him privately, okay?

23  Do you understand?

24     **THE DEFENDANT:**  Yes, Your Honor, I understand.

25     **THE COURT:**  Okay.  Now, as I mentioned, you are

1   planning to plead guilty to Count Three of the Indictment, and

2   first let me ask you, have you received a copy of the

3   Indictment that contains Count Three?

4           **THE DEFENDANT:**  Yes, Your Honor.

5           **THE COURT:**  Have you had a chance to read Count Three

6   and go over it with your attorney?

7           **THE DEFENDANT:**  Yes, Your Honor.

8           **THE COURT:**  All right.  So Count Three charges you

9   with a violation of 18 United States Code Section 871, which is

10  "threats against the President and successors to the

11  presidency."

12          Do you understand the charge to which you will be

13  pleading guilty?

14          **THE DEFENDANT:**  Yes, Your Honor, I do.

15          **THE COURT:**  All right.  Now I'm going to show you a

16  portion of your Plea Agreement, I just want to draw your

17  attention to this.  This part of the Plea Agreement appears on

18  Page 3, I'm going to share it with you, it's on my screen, now

19  it's going to pop up on your screen.  This is the provision

20  that is entitled "Elements of the Offense."  Do you see it

21  there on the screen in front of you?

22          **THE DEFENDANT:**  Yes, Your Honor.

23          **THE COURT:**  And this particular provision lists the

24  three things that the Government would have to prove beyond a

25  reasonable doubt for you to be found guilty of this offense.

13

1    Do you understand what it is the Government would have to prove

2    for you to be found guilty?

3              **THE DEFENDANT:**  Yes, Your Honor, I do.

4              **THE COURT:**  All right.  Mr. Hurtado, could you please

5    tell us what the potential penalties are on this charge?

6              **MR. HURTADO:**  Yes, ma'am.  The penalties are as

7    follows:  imprisonment for a period of not more than five

8    years; a fine not greater than $250,000; a term of supervised

9    release of not more than three years; a mandatory special

10   penalty assessment of $100 and restitution as may be ordered by

11   the Court and that would constitute the sum of penalties.

12             **THE COURT:**  All right.  Do you understand,

13   Mr. Barton, that those are the potential penalties that you

14   face?

15             **THE DEFENDANT:**  Yes, Your Honor, I do.

16             **THE COURT:**  All right.  Let me -- I want to talk with

17   you for a moment about the Sentencing Guidelines and how they

18   work.

19             The District Judge who will sentence you will be

20   Judge Riggs and she will be required to calculate your

21   particular Sentencing Guideline range.

22             She then must consider that range and any possible

23   departures.  She also must consider a number of other factors,

24   many of which are listed under 18 United States Code, Section

25   3553(a).  And although Judge Riggs is required to consider your

1    Sentencing Guideline range she is not bound by that range.

2            Now, have you talked with Mr. Encinias about the

3    Sentencing Guidelines and how they might apply in your

4    particular case?

5            **THE DEFENDANT:**  Yes, Your Honor.

6            **THE COURT:**  And has he explained to you that the

7    Guidelines are not binding and that Judge Riggs could decide

8    that you should get more or less of a sentence than the

9    Guidelines recommend?

10           **THE DEFENDANT:**  Yes, Your Honor.

11           **THE COURT:**  All right.  So I do know that you have a

12   Plea Agreement with the Government, we have already talked

13   about that a little bit.  I'm going to show you the last page

14   of that Plea Agreement which should pop up on the screen there

15   in front of you.

16           The last page of this Plea Agreement, do you see that

17   there on the screen in front of you, Mr. Barton?

18           **THE DEFENDANT:**  Yes, Your Honor, I do.

19           **THE COURT:**  Above your printed name is a signature.

20   Is that your signature?

21           **THE DEFENDANT:**  Yes, Your Honor.

22           **THE COURT:**  Now before you signed this Plea Agreement

23   did you go -- did you read through the entire Plea Agreement

24   and go over it with your attorney?

25           **THE DEFENDANT:**  Yes, Your Honor.

1          **THE COURT:**  Did your attorney explain the Plea

2   Agreement to you and answer all of your questions to your

3   satisfaction before you signed it?

4          **THE DEFENDANT:**  Yes, Your Honor.

5          **THE COURT:**  Do you understand each and every term of

6   your Plea Agreement?

7          **THE DEFENDANT:**  Yes, Your Honor, I do.

8          **THE COURT:**  All right.  I'm going to go over certain

9   aspects of this Plea Agreement with you so this is the first

10  thing I'm going to start with.

11         At Paragraph 10, Page 4 of your Plea Agreement

12  there's a -- and it continues onto Page 5, there's a provision

13  there that's entitled "Recommendations" and this particular

14  provision essentially is an agreement between you and the

15  Government about how the Sentencing Guidelines should apply in

16  your case, but these recommendations are not binding on the

17  District Judge, do you understand that?

18         **THE DEFENDANT:**  Yes, ma'am.  Yes, Your Honor.

19         **THE COURT:**  And so it's possible that you could get

20  to sentencing and Judge Riggs could say "Look, I understand

21  that you have this agreement with the Government, but I am not

22  going to accept some or all of these Recommendations," but at

23  that point you would not be able to withdraw your guilty plea,

24  do you understand that?

25         **THE DEFENDANT:**  Yes, Your Honor, I do.

1      **THE COURT:**  It's also possible you could get to

2  sentencing and Judge Riggs could tell you, even if she accepts

3  all of these Recommendations, it's possible that she could

4  impose a sentence that is harsher in some ways than the

5  sentence you anticipate, but at that point you would not be

6  able to withdraw your guilty plea.  Do you understand that?

7      **THE DEFENDANT:**  Yes, Your Honor.

8      **THE COURT:**  Okay.  And then, finally, it's totally

9  appropriate for Mr. Encinias to give you his best estimate of

10 what the Sentencing Guidelines are likely to be, but I want to

11 make sure that you understand that when you get to sentencing

12 if Mr. Encinias's estimate is incorrect or Judge Riggs finds a

13 different range is applicable, at that point you would not be

14 able to withdraw your guilty plea, do you understand that?

15     **THE DEFENDANT:**  Yes, Your Honor, I do.

16     **THE COURT:**  Okay.  And, I'm sorry, there's one other

17 thing in your Plea Agreement that I wanted to talk about at

18 this point.  There's this provision, again, I'm going to show

19 it on your screen, at Paragraph 17(a) it's called "Government's

20 Additional Agreement," do you see that there in front of you?

21     **THE DEFENDANT:**  Yes, ma'am.  Yes, Your Honor.

22     **THE COURT:**  And this says that:

23         "Following sentencing the Government will move to

24         dismiss Counts One, Two, Four and Five of the

25         Indictment."

1          Do you see that?

2               THE DEFENDANT:  Yes, ma'am.  Yes, Your Honor.

3               THE COURT:  Now if, for some reason, the Government

4    failed to make that Motion or Judge Riggs refused to grant it

5    at that point you would be able to withdraw your guilty plea,

6    do you understand that?

7               THE DEFENDANT:  Yes, Your Honor.

8               THE COURT:  All right.  So let me ask you,

9    Mr. Barton, have you talked with your attorney about all of the

10   facts and circumstances of your case?

11              THE DEFENDANT:  Yes, Your Honor.

12              THE COURT:  Have you gone over what the Government

13   would have to prove for you to be found guilty beyond a

14   reasonable doubt?

15              THE DEFENDANT:  Yes, Your Honor.

16              THE COURT:  Have you gone over the Government's

17   evidence and the discovery that the Prosecutor provided?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  Have you talked about possible defenses

20   with Mr. Encinias?

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  Have you had enough time with your

23   attorney to discuss your case?

24              THE DEFENDANT:  Yes, Your Honor.

25              THE COURT:  Has he answered all of your questions to

1    your satisfaction?

2            **THE DEFENDANT:**  Yes, Your Honor.

3            **THE COURT:**  And are you satisfied with his advice and

4    representation?

5            **THE DEFENDANT:**  Absolutely, Your Honor.

6            **THE COURT:**  All right.  Let me draw your attention

7    now to Page 7 of your Plea Agreement and I'll show it to you on

8    my screen.  You should see it there on your screen as Paragraph

9    16.  This is a provision entitled "Waiver of Appeal Rights."

10   Do you see that there on the screen in front of you?

11           **THE DEFENDANT:**  Yes, Your Honor.

12           **THE COURT:**  So this particular provision says that:

13           "You are giving up your right to appeal your

14           conviction and any sentence including any fine that

15           is at or under the statutory maximum penalty

16           authorized by law, as well as any sentence imposed

17           below or within the Guideline range upon the

18           revocation of supervised release."

19           Do you understand the appellate rights that you are

20   giving up?

21           **THE DEFENDANT:**  Yes, Your Honor.

22           **THE COURT:**  This also says that:

23           "You are giving up your right to collaterally attack

24           your conviction and any sentence, including any

25           fines, except on the issue of your counsel's

1             ineffective assistance."

2             Do you understand that?

3             **THE DEFENDANT:**  Yes, Your Honor.

4             **THE COURT:**  Now a final thing I want to discuss with

5    you about this Plea Agreement is this provision here, the

6    provision is entitled "Defendant's Admission of Fact," and it

7    begins on Page 3 and continues onto Page 4.  The meat of and

8    the important part of this provision is Paragraph 8, and I

9    think that's all on the screen in front of you.

10            **THE DEFENDANT:**  Yes, Your Honor.

11            **THE COURT:**  Paragraph 8 is basically -- it states

12   what it is you did that makes you guilty of this offense.  Do

13   you see that there in front of you?

14            **THE DEFENDANT:**  Yes, Your Honor.

15            **THE COURT:**  Now, before you signed this Plea

16   Agreement did you go over this particular paragraph carefully

17   with your attorney?

18            **THE DEFENDANT:**  Yes, Your Honor.

19            **THE COURT:**  Did you have the opportunity to correct

20   anything that was either inaccurate or untrue?

21            **THE DEFENDANT:**  Yes, Your Honor.

22            **THE COURT:**  Do you agree that all of the facts

23   contained in Paragraph 8 of your Plea Agreement are true and

24   correct?

25            **THE DEFENDANT:**  Yes, Your Honor.

1        **THE COURT:**  Do you also agree that if your case were

2  to go to trial that the Government would be able to prove these

3  facts beyond a reasonable doubt?

4        **THE DEFENDANT:**  Yes, Your Honor.

5        **THE COURT:**  All right.  Mr. Barton, are you pleading

6  guilty here today because you are, in fact, guilty --

7        **THE DEFENDANT:**  I am, Your Honor --

8        **THE COURT:**  I'm sorry?

9        **THE DEFENDANT:**  Yes, ma'am -- yes, I am, Your Honor.

10        **THE COURT:**  All right.  And then, Mr. Encinias, are

11  you satisfied that pleading guilty is in the best interests of

12  your client?

13        **MR. ENCINIAS:**  I am satisfied, Your Honor.

14        **THE COURT:**  Mr. Barton, is anybody forcing you or has

15  anybody threatened you to get you to plead guilty here today?

16        **THE DEFENDANT:**  No, Your Honor.

17        **THE COURT:**  Has anyone made any promises to you to

18  get you to plead guilty that are not contained in your Plea

19  Agreement or any Addendum to the Plea Agreement?

20        **THE DEFENDANT:**  No, Your Honor.

21        **THE COURT:**  Have you understood everything I have

22  explained to you and all of my questions?

23        **THE DEFENDANT:**  Yes, Your Honor.

24        **THE COURT:**  Do you have any questions for either me

25  or your attorney before we go forward?

1       **THE DEFENDANT:**  No, Your Honor.

2       **THE COURT:**  All right, Mr. Barton, how do you plead

3   to the felony charge of making threats against the President

4   and successors to the presidency as alleged in Count Three of

5   the Indictment, guilty or not guilty?

6       **THE DEFENDANT:**  Guilty, Your Honor.

7       **THE COURT:**  All right, Mr. Barton, I find that you

8   are competent and capable of entering an informed plea; that

9   you are aware of the nature of the charge against you and the

10  consequences of your plea; and that your plea is knowing and

11  voluntary and supported by sufficient facts.

12      I, therefore, accept your plea and I now adjudge you

13  guilty.  I will defer acceptance of the Plea Agreement to the

14  District Judge.

15      Now because we're doing this by video I will ask the

16  attorneys if they have any objections or concerns about the way

17  I have conducted this Plea hearing and I'll start with you,

18  Mr. Hurtado?

19      **MR. HURTADO:**  Your Honor, I would respectfully ask

20  the Court to inquire of Defense Counsel that Mr. Barton is

21  competent to proceed.  I'd feel more comfortable if he said so

22  based on the procedural history of this case.  I know that the

23  Court has previously requested that Mr. Barton submit to a

24  psychological evaluation or a mental health assessment.

25      **THE COURT:**  Okay.  Mr. Encinias, will you address

22

1    that concern, please?

2         **MR. ENCINIAS:**  I'll address the concern, and the

3    psychological evaluation was actually a continuance of an

4    evaluation with them when he was out of custody in Farmington,

5    it was not a competency evaluation.  I have assessed whether or

6    not there is a possibility of raising competency in this case,

7    and I do in every case that has the kind of history that

8    Mr. Barton has, and I will assure the Court that I do not

9    believe that there is a competency issue in this case, I

10   believe that Mr. Barton is competent.

11        **THE COURT:**  Okay, so that psychological evaluation

12   was not ordered on the issue of competency, is that correct?

13        **MR. ENCINIAS:**  No, it wasn't ordered on the issue of

14   competency and it wasn't ordered by the Court, it was something

15   that Probation requested.

16        **THE COURT:**  Okay.  And I will also say, Mr. Hurtado,

17   that I have interacted with Mr. Barton on video, obviously,

18   several times during the course of this litigation and at every

19   point he has responded appropriately to questions, he certainly

20   appears to understand the nature of the proceedings and

21   everything we have discussed, and he's behaved in a manner that

22   makes it certainly seem to me that he understands everything

23   that's going on, and that he certainly was competent to

24   proceed.  Actually, even more than that, he's an intelligent

25   individual so --

1              THE DEFENDANT:  Thank you.

2              THE COURT:  So, Mr. Encinias, let me ask you, and let

3    me ask you, Mr. Hurtado, has that addressed your concern?

4              MR. HURTADO:  Yes, ma'am, it has.  Thank you.

5              THE COURT:  All right.  So let me ask you,

6    Mr. Encinias, do you have any objections or concerns as to the

7    way I have conducted this Plea hearing?

8              MR. ENCINIAS:  I have none, Your Honor.

9              THE COURT:  All right.  So I assume I should order a

10   regular Presentence Report in this case?

11             MR. ENCINIAS:  Your Honor, I would ask for an

12   expedited Presentence Report.  While his Guidelines are low he

13   does have some -- he has been in three months and there is

14   always a possibility, given the fact that he has variance --

15   real strong variance issues, and I believe that there is a

16   possibility of a time served sentence in this case and I would

17   ask, again, for an expedited PSR.

18             THE COURT:  Well, the issue with an expedited PSR

19   that means that he would not be interviewed.  It seems like it

20   might be to his benefit to be interviewed.  I mean, I could ask

21   Probation to try to do it more quickly than normal, but --

22             MR. ENCINIAS:  No, if the Court is concerned about

23   that then I would ask the Court to ask Probation to do it

24   quickly.

25             Recently there have been -- my experience has been

24

1    recently we've been doing them a lot more quickly than we had

2    in the past and I would hope that would be the case in this

3    situation.

4         **THE COURT:**  Okay.  So I will order a regular

5    Presentence Report.  I will request that the Probation Office,

6    though, do it as quickly as possible because Mr. Barton is

7    facing a sentence that's probably on the lower end.  We don't

8    want him to get to the point where he is serving more time than

9    is necessary.

10         And, Mr. Encinias, I would ask you to coordinate with

11    the Probation Office to try to get him interviewed as quickly

12    as possible, but it does seem like it might be in Mr. Barton's

13    best interests to have that interview and to have a full

14    Presentence Report other than an expedited one, so I'll order

15    -- I mean, rather than the sort of shortened one that comes

16    along with an expedited Presentence Report.

17         So, Mr. Barton, that means that you will be

18    interviewed in conjunction with the preparation of the report.

19    Once the interview is complete, which hopefully will be done

20    quickly, then the Probation Officer will incorporate

21    information from the interview into the Presentence Report,

22    along with a lot of other information about you and your

23    background and this particular offense.  The report then will

24    be completed.  I'm asking that it be done as quickly as

25    possible.  My guess is that it will take at least 30 days, but

1    the outer limit will be 75 days.  An expedited report typically

2    takes 30 days so, you know, I'm asking that they do it as

3    quickly as possible.

4            Once you receive the report, once it's completed it

5    will be given to your attorney, the Prosecutor and the District

6    Judge.  Then you will have the opportunity to object to

7    anything in the report you believe is incorrect, but ultimately

8    the District Judge will rely on the report to assist her in

9    determining what the appropriate sentence is in your case.

10           **THE DEFENDANT:**  Thank you.

11           **THE COURT:**  All right, is there anything else we need

12   to take up this afternoon in this case, Mr. Encinias?

13           **MR. ENCINIAS:**  No, Your Honor.

14           **THE COURT:**  Mr. Hurtado, do you have anything

15   further?

16           **MR. HURTADO:**  No, ma'am, thank you.

17           **THE COURT:**  All right.  Well, thank you all very much

18   for your patience.

19           Mr. Barton, I do wish you the best of luck and thank

20   you for your patience in being the last person on the docket

21   here today, okay?

22           **THE DEFENDANT:**  Thank you for fitting me in, Your

23   Honor.  Thank you very much.  God bless you.

24           **THE COURT:**  All right, thank you.

25           **(This proceeding was adjourned at 12:39 p.m.)**

## **CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____         **March 17, 2021**

        **Signed**                                    **Dated**


                    *TONI HUDSON, TRANSCRIBER*